UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZHI LI and LUXIU SUN, individually and
on behalf of all others similarly situated,

                              Plaintiffs,

            - against -

SMJ CONSTRUCTION INC., STEVE
KANG, JANE DOE and JOHN DOE #1-10,

                              Defendants.

**ORDER**

19 Civ. 5309 (PGG) (JW)

PAUL G. GARDEPHE, U.S.D.J.:

                Plaintiffs Zhi Li and Luxiu Sun bring this Fair Labor Standards Act ("FLSA"),

New York Labor Law ("NYLL"), and New Jersey Wage and Hour Law ("NJWHL") action

against Defendants SMJ Construction Inc. ("SMJ") and Steve Kang.  (Cmplt. (Dkt. No 5))

Plaintiffs seek to recover:  (1) unpaid overtime compensation under the FLSA, the NYLL and the

NJWHL; (2) spread-of-hours compensation under the NYLL; (3) unlawful deductions under the

NYLL; (4) statutory damages for violations of the wage notice requirement under the NYLL;

and (5) statutory damages for violations of the wage statement requirement under the NYLL.

                On December 10, 2020, this Court entered an Order of Default against Defendants

(Dkt. No. 28) and referred this case to Magistrate Judge Kevin Nathaniel Fox for an inquest on

damages.  (Dkt. No. 29)  Judge Fox issued a Report and Recommendation ("R&R") in which he

recommends that Plaintiff Li be awarded $48,630 in damages, Plaintiff Sun be awarded

$1,212.84 in damages, and Plaintiffs be awarded $3,900 in attorney's fees.  (R&R (Dkt. No. 36)

at 13)  For the reasons stated below, the R&R will be adopted in part and modified in part.

## BACKGROUND

### I.   FACTS[1]

SMJ is a New Jersey construction company that performs work in both New Jersey and New York.  (See Cmplt. (Dkt. No. 5) ¶ 20)  From on or about January 1, 2017 to December 19, 2018, Plaintiff Li worked for SMJ as a construction worker, seven days per week. (Id. ¶¶ 23, 24)  During that period, Li worked at SMJ for approximately ten hours per day, not including a one-hour lunch break.  (See Li Aff. (Dkt. No. 31-3) ¶¶ 10, 15, 16)  Li was paid a flat rate during the time he worked for SMJ, regardless of how many hours he worked in a given day. SMJ compensated him $130 per day from January 1, 2017 to July 5, 2017, $150 per day from July 6, 2017 to January 15, 2018, and $180 per day from January 16, 2018 to December 19, 2018.  (Id. ¶¶ 11-13)  In March 2018 and November 2018, SMJ provided paychecks to Li that were returned for insufficient funds.  He was never compensated for those pay periods.  (Id. ¶ 23)

Plaintiff Sun worked for SMJ five days per week from on or about August 27, 2018 to October 28, 2018.  (See Sun Aff. (Dkt No. 31-8) ¶ 9)  During that period, Sun worked approximately nine-and-one-half hours per day, not including a one-hour lunch break.  (Id. ¶¶ 12-13)  Sun was paid a flat rate of $170 per day during the time he worked for SMJ, regardless of how many hours he worked.  (Id. ¶ 10)  The check SMJ provided to Sun for the pay period

---

[1]  The parties have not objected to Judge Fox's factual recitation.  Accordingly, this Court adopts his factual account.  See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section . . . .").  Given Defendants' default, these facts are assumed to be true.  See City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an 'ancient common law axiom' that a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint.") (quoting Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004)); Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) ("In light of [defendant's] default, a court is required to accept all . . . factual allegations as true and draw all reasonable inferences in [plaintiff's] favor."  (citation omitted)).

between October 8 and October 14, 2018, was returned for insufficient funds.  Sun requested another check from Defendant Kang for this pay period, but Sun was never compensated for that workweek.  (Id. ¶¶ 16-17)

Plaintiff Li seeks unpaid overtime wages under the FLSA and NYLL in the amount of $60,787.50; unpaid spread-of-hours compensation under the NYLL in the amount of $7,161; liquidated damages under the FLSA and NYLL in the amounts of $60,787.50 and $67,948.50, respectively; statutory damages under the NYLL in the amount of $10,000; and $1,670 for the bounced checks described above.  (Proposed Findings of Fact and Conclusions of Law ("Proposed Findings"), Ex. 12 (Dkt. No. 31-12))

Plaintiff Sun seeks unpaid overtime wages under the FLSA in the amount of $1,338.75; unpaid spread-of-hours compensation under the NYLL in the amount of $468; liquidated damages under the FLSA and NYLL in the amount of $1,806.75; statutory damages under the NYLL in the amount of $8,150; and $1,298 for the bounced check.  (Id., Ex. 13 (Dkt. No. 31-13))

Finally, Plaintiffs seek pre-judgment interest at a rate of "nine percent per annum simple interest" (Proposed Findings (Dkt. No. 31) at 9), and $6,937.50 in attorney's fees.  (Id., Ex. 14 (Dkt. No. 31-14))

## II.   __PROCEDURAL HISTORY__

The Complaint was filed on June 4, 2019.  (Dkt. Nos. 1, 5)  Defendants were served, but did not respond to the Complaint.  Plaintiffs obtained Clerk's certificates of default (Dkt. Nos. 12, 19), and on October 23, 2020, this Court issued an order requiring Defendants to show cause why a default judgment should not be entered against them.  (See Order to Show Cause (Dkt. No. 25))  Although Defendants were served with the October 23, 2020 order (See

Dkt. Nos. 26, 27), Defendants did not respond or appear, and this Court issued an Order of Default on December 10, 2020.  (Dkt. No. 28)

On December 10, 2020, this case was referred to Judge Fox for an inquest on damages (see Am. Order of Reference (Dkt. No. 29)), and on December 11, 2020, Plaintiffs were directed to file Proposed Findings of Fact and Conclusions of Law.  (See Dkt. No. 30)  On January 11, 2021, Plaintiffs submitted Proposed Findings of Fact and Conclusions of Law.  (See Dkt. No. 31)  Plaintiffs also filed affidavits of service indicating that the proposed findings had been served on Defendants.  (See Affs. of Service (Dkt. Nos. 34-35)

On August 25, 2021, Judge Fox issued a 14-page R&R, in which he recommends that Plaintiff Li be awarded $48,630 in damages, Plaintiff Sun be awarded $1,212.84 in damages, and Plaintiffs be awarded $3,900 in attorney's fees.  (R&R (Dkt. No. 36) at 13)  The R&R notifies the parties that they have fourteen days to file any objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  (Id.)  The R&R further states:  "**Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.**" (Id. at 14 (emphasis in original))  Neither side has filed objections to the R&R.

## DISCUSSION

I.     **LEGAL STANDARDS**

A.     **Review of a Magistrate Judge's Report & Recommendation**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to the magistrate judge's recommendations, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.

4

Where, as here, no objections are filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."  (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

## II.    ANALYSIS

Although the parties have waived their right to judicial review, this Court has nonetheless reviewed Judge Fox's R&R for clear error.  As set forth below, this Court adopts Judge Fox's R&R as to Plaintiffs' damages claims, but not as to an attorney's fee award.

### A.    NYLL Liability

In his R&R, Judge Fox finds that "neither Li nor Sun stated that they worked for the defendants in New York, and no evidence exists in the record that the plaintiffs were employed in New York."  (R&R (Dkt. No. 36) at 10)  Accordingly, Judge Fox concludes that "no basis exists to calculate and award damages under New York law."  (Id.)  For the reasons stated below, this Court agrees, and Plaintiffs' NYLL claims for damages will be denied.

Although the "NYLL is silent on its extraterritorial application, courts in this district have held that it does not apply extraterritorially."  Warman v. Am. Nat'l Standards Inst., No. 15-CV-5486 (RA), 2016 WL 3676681, at *2 (S.D.N.Y. July 6, 2016); see also O'Neill v.

Mermaid Touring Inc., 968 F. Supp. 2d 572, 578 (S.D.N.Y. 2013) ("Nothing in the [NYLL] suggests that the legislators intended to give persons who were outside New York the right to come to New York to sue their employers." (internal citation omitted)).  Accordingly, "the NYLL does not apply to work performed outside of New York, even where all the parties are New York employees."  Drozd v. U.S.A. Concepts of New York Corp., 2015 WL 13733713, at *11 (E.D.N.Y. Apr. 23, 2015) (citing O'Neill, 968 F. Supp. 2d at 578-79).

Here, Plaintiffs have not proffered facts sufficient to provide a basis for a damages award under the NYLL.  The Complaint alleges that "Defendant SMJ is a construction company established in the state of New Jersey, serving New York, [the] New York Metropolitan area and New Jersey with a wide range of interior work."  (Cmplt. (Dkt. No. 5) ¶ 20; see id., Ex. A ("[SMJ] ha[s] served in the New York, New York Metropolitan area, and New Jersey for more than a decade. . . ."))  While the Complaint further alleges that Plaintiffs' "major work locations were in New York, New York"  (Id. ¶¶ 23, 27), Plaintiffs have not provided dates or specific time periods during which they worked in New York.  And while Plaintiff Li states that he "occasionally br[ought] materials from across the states when instructed," and that he worked on "more than ten construction sites . . . for the clinic called City MD" (Li Aff. (Dkt. No. 31-3) ¶¶ 6, 9), Li has not provided any dates or time periods during which he performed work in New York.  Absent such proof, Li has not provided a basis for this Court to award damages under the NYLL.

In sum, this Court adopts Judge Fox's finding that Plaintiffs have not proffered facts sufficient to justify an award of damages under the NYLL.[2]

---

[2] As Judge Fox notes, Plaintiffs do not seek damages for their NJWHL claims in their proposed findings.  (R&R (Dkt. No. 36) at 3, 10)  In any event, "no evidence exists about the state in which . . . [P]laintiffs performed work for which they claim failure to pay overtime."  (Id. at 3)

B.    **FLSA Liability**

Plaintiffs also seek recovery for unpaid overtime under the FLSA.  (Proposed Findings (Dkt. No. 31) at 4-10)

"To state a FLSA [unpaid overtime] wage claim, a plaintiff must allege that she was the defendant's employee, that her work involved interstate activity, and that she worked hours for which she did not receive . . . overtime wages."  Tackie v. Keff Enterprises LLC, 2014 WL 4626229, at *2 (S.D.N.Y. Sept. 16, 2014) (citing Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F.3d 106, 114 (2d Cir. 2013); Zhong v. August August Corp., 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007)).

As to the employment element, Plaintiffs have alleged facts sufficient to demonstrate that they were employed by Defendant SMJ during the following time periods:  (1) for Plaintiff Li, January 1, 2017 through December 19, 2018; and (2) for Plaintiff Sun, August 27, 2018 through October 28, 2018.  (Cmplt. (Dkt. No. 5) ¶¶ 23-28)  Moreover, Plaintiff Sun states that he was hired by Defendant Kang to work at SMJ (see Sun Aff. (Dkt. No. 31-8) ¶ 2), and both Plaintiffs report that Kang supervised their work at the construction sites.  (Id. ¶ 6; Li Aff. (Dkt. No. 31-3) ¶ 19)  By their default, Defendants have admitted that they employed Plaintiffs.  See Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 545 (S.D.N.Y. 2015).

Under the FLSA, plaintiffs must also establish that they were, or their employer was, engaged in interstate commerce.  See 29 U.S.C. § 207(a)(1); Ethelberth v. Choice Sec. Co.,

---

As with their NYLL claims, Plaintiffs have failed to submit evidence, or set forth factual allegations, demonstrating Defendants' liability under NJWHL.  Accordingly, the Court adopts the R&R's conclusion that Plaintiffs have not established Defendants' liability under the NJWHL.

91 F. Supp. 3d 339, 353 (E.D.N.Y. 2015) ("Engagement in interstate commerce, either by an employee or by the employer as a whole, is a prerequisite for liability for the FLSA's overtime requirement.").

Here, Plaintiffs allege that SMJ had annual gross revenue exceeding $500,000 and was engaged in interstate commerce.  (Cmplt. (Dkt. No. 5) ¶¶ 8, 10; Li Aff. (Dkt. No. 31-3) ¶ 8) Plaintiff Li also states that he transported "supplies and equipment" for SMJ's construction sites "across the states when instructed."  (Li Aff. (Dkt. No. 31-3) ¶ 6)  These allegations satisfy the threshold for enterprise liability under the FLSA.  See 29 U.S.C. § 203(s)(1)(A); Mondragon v. Keff, 2019 WL 2551536, at *9 (S.D.N.Y. May 31, 2019).

Finally, to recover for unpaid overtime wages, the FLSA requires that plaintiffs have worked compensable overtime in a workweek longer than forty hours, and that they were not properly compensated for that overtime.  See Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 199-201 (2d Cir. 2013) ("To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week.").

Here, Plaintiff Sun states that he worked approximately 47.5 hours per week during his employment at SMJ.  (Sun Aff. (Dkt. No. 31-8) ¶¶ 12-13)  Plaintiff Li reports that he worked approximately 70 hours per week during his employment at SMJ.  (Li Aff. (Dkt. No. 31-3) ¶¶ 15-16)  Moreover, both Plaintiffs claim that they were only paid a flat rate, regardless of how many hours they worked per day.  (Id. ¶ 17; Sun Aff. (Dkt. No. 31-8) ¶10)  The Court concludes that Plaintiffs have proffered facts sufficient to demonstrate that Defendants failed to pay them overtime wages in violation of the FLSA.  See Tackie, 2014 WL 4626229, at *3.

C.     **Damages**

Based on Li's affidavit, Judge Fox recommends that this Court award him

$48,630 in damages under the FLSA, consisting of (1) unpaid overtime wages in the amount of

$24,315; and (2) liquidated damages in the amount of $24,315.  (R&R (Dkt. No. 36) at 12)

Based on Plaintiff Sun's affidavit, Judge Fox recommends that this Court award him $1,212.84

in FLSA damages, consisting of (1) unpaid overtime wages in the amount of $606.42; and (2)

liquidated damages in the amount of $606.42.  (Id.)

As discussed below, this Court finds no clear error in Judge Fox's calculation of

damages for unpaid overtime wages and liquidated damages under the FLSA.

1.     **Unpaid Overtime Wages**

"Under the FLSA, . . . overtime must amount to 'a rate not less than one and one-

half times the regular rate at which [the worker] is employed.'"  Viera v. City of New York, 512

F. Supp. 3d 461, 466 (S.D.N.Y. 2021) (quoting 29 U.S.C. § 207(a)(1)) (alteration in Viera).

"The regular rate is 'the hourly rate actually paid the employee for the normal, non-overtime

workweek for which he is employed,' and is calculated by 'dividing the employee's weekly

compensation by the number of hours for which that compensation is intended.'"  Doo Nam

Yang v. ACBL Corp., 427 F. Supp. 2d 327, 338 (S.D.N.Y. 2005) (quoting Walling v.

Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 424 (1945); Moon v. Kwon, 248 F. Supp.

2d 201, 230 (S.D.N.Y. 2002)).

Here, Plaintiff Li worked seven days per week, for approximately ten hours per

day.  (R&R (Dkt. No. 36) at 11; Li Aff. (Dkt. No. 31-3) ¶¶ 15-16)  For the period between

January 1, 2017 through July 5, 2017, Li was paid $130 per day.  (Id. ¶ 11)  For the period

between July 6, 2017 and January 15, 2018, Li was paid $150 per day.  (Id. ¶ 12)  Finally, for the

period between January 16, 2018 and December 19, 2018, Li was paid $180 per day.  (Id. ¶ 13)

Applying the "regular rate" formula discussed above, Li's regular rate was $13 per hour for the period between January 1, 2017 through July 5, 2017; $15 per hour for the period between July 6, 2017 and January 15, 2018; and $18 per hour for the period between January 16, 2018 and December 19, 2018.  (R&R (Dkt. No. 36) at 11)  For the first time period, Judge Fox calculates that Li should have been paid at a rate of $19.50 ($13 x 1.5) for 30 hours per week, which amounts to $585 per week in overtime pay.  For the second time period, Judge Fox calculates that Li should have been paid at a rate of $22.50 ($15 x 1.5) for 30 hours per week, which amounts to $675 per week in overtime pay.  For the third time period, Judge Fox calculates that Li should have been paid at a rate of $27 ($18 x 1.5) for 30 hours per week, which amounts to $810 per week in overtime pay.  After accounting for the non-overtime wages Li was paid, Judge Fox finds that Li is owed $24,315 in unpaid overtime wages for the 102 weeks he worked at SMJ.  (Id.)

As to Plaintiff Sun, Judge Fox finds that his regular rate amounts to $17.90 per hour, given that SMJ paid him $170 per day for the five days and 47.5 hours he worked per week.  (Id.; Sun Aff. (Dkt. No. 31-8) ¶¶ 10, 12-13)  Judge Fox calculates that Sun should have been paid at a rate of $26.85 ($17.90 x 1.5) for 7.5 hours per week, which amounts to $201.38 per week in overtime pay.  (R&R (Dkt. No. 36) at 11)  After accounting for the non-overtime wages Sun was paid, Judge Fox finds that Sun is owed $606.42 in unpaid overtime wages for the nine weeks he worked at SMJ.  (Id.)

## 2.   **Liquidated Damages**

"Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages" for violations of, inter alia, the statute's

overtime provisions.  <u>Barfield v. N.Y.C. Health & Hosps. Corp.</u>, 537 F.3d 132, 150 (2d Cir.
2008) (citing 29 U.S.C. § 216(b)).  However, a district court has "discretion to deny liquidated
damages where the employer shows that, despite its failure to pay appropriate wages, it acted in
subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or
omissions did not violate the FLSA."  <u>Id.</u> (quoting 29 U.S.C. § 260).

   As discussed above, Defendants have not appeared in this action.  They have thus
not proffered evidence showing that they had a good faith basis to believe that their
underpayment of overtime wages was not a violation of the FLSA.  Li is therefore entitled to
$24,315 in liquidated damages, and Sun is entitled to $606.42 in liquidated damages.  (R&R
(Dkt. No. 36) at 12)

  **D.** <u>**Attorney's Fees**</u>

   Plaintiffs seek an attorney's fee award of $6,937.50, reflecting 18.5 hours of
billed work.  (Proposed Findings, Ex. 14 (Dkt. No. 31-14))

   Judge Fox concludes that Plaintiffs are entitled to an attorney's fee award,
because they made successful claims under the FLSA.  (R&R (Dkt. No. 36) at 13; <u>see</u> 29 U.S.C.
§ 216(b))  Judge Fox notes, however, that Plaintiffs' counsel did not comply with a July 20, 2021
order directing counsel to submit evidence to support his application for an attorney's fee award.
(<u>See</u> July 20, 2021 Order (Dkt. No. 31))  While Judge Fox acknowledges that Plaintiffs'
counsel's invoice reflects 18.5 hours of billed work, he concludes that counsel seeks an award
for only thirteen "[t]otal [h]ours."  (R&R (Dkt. No. 31) at 12 n.2, 13)  "[G]iven [the] FLSA's
remedial nature and [Plaintiffs'] statutory entitlement to attorney's fees, . . . [Judge Fox finds that
the] 13 hours requested by . . . [P]laintiffs' counsel in the circumstances of this case are
reasonable."  (<u>Id.</u> at 13)  However, Judge Fox recommends applying a 20% reduction to the

$4,875 (13 hours x $375 hourly rate) that counsel would otherwise be entitled to, "[a]s the Court has no basis to determine whether counsel's hourly rate of $375 is reasonable."  Judge Fox therefore recommends an award of $3,900 in attorneys' fees.  (Id. (citing Fox v. Vice, 563 U.S. 826, 838 (2011)))

Although Plaintiffs' counsel failed to submit an affidavit in response to Judge Fox's July 20, 2021 order, this Court credits counsel's earlier affidavit and itemized invoice submitted in connection with Plaintiffs' motion for default, which requested $4,875 in attorneys' fees for 13 hours of work.  (Chen Aff. (Dkt. No 22) ¶ 14; see id., Ex. I (Dkt. No. 22-7))  Since that time, Plaintiffs' counsel claims an additional 5.5 hours for work related to the Proposed Findings and "Inquest Memorandum."  (Proposed Findings, Ex. 14 (Dkt. No. 31-14))  This Court finds that the 18.5 hours for which counsel seeks an attorney's fee award reflects a reasonable number of hours expended in the context of this case.  See, e.g., Mei Chun Poon v. Apple NYC Corp., 2019 WL 75674, at *11 (S.D.N.Y. Jan. 2, 2019) (citing cases) (awarding fees for 24.6 hours spent drafting a complaint and a motion for default judgment).

This Court agrees with Judge Fox, however, that Plaintiffs' counsel has provided "no basis to determine whether [his] hourly rate of $375 is reasonable."  (R&R (Dkt. No. 36) at 13)  In determining whether the hourly rate is reasonable, "the burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984); accord Savoie v. Merchants Bank, 166 F.3d 456, 463 (2d Cir. 1999).  "Courts in this District have determined that a fee ranging from $250 to $450 per hour is appropriate for experienced civil rights and employment law litigators."  Chuk On Chan v. Good Chows Inc., 2017 WL 9538901, at *7 (S.D.N.Y. Mar. 3, 2017) (citing cases).  Given that counsel has submitted no evidence supporting his proposed

12

hourly rate, this Court finds a $250 rate to be reasonable under the circumstances.  18.5 billed hours at a $250 hourly rate yields an award of $4,625.

Accordingly, the Court grants Plaintiffs' counsel a fee award of $4,625.

### E.      Joint and Several Liability

In his R&R, Judge Fox does not determine whether Defendant Kang is jointly and severally liable with SMJ for Plaintiffs' damages.  This Court addresses joint and several liability below.

Under the FLSA, an employment relationship exists when the "economic reality" is such that the "alleged employer possessed the power to control the workers in question." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (citing cases).

Here, Plaintiffs allege that Defendant Steve Kang "participated in [SMJ's] day-to-day operations," and had the authority to (1) hire employees on behalf of SMJ Construction, including Plaintiff Sun, (2) determine the work schedules, salaries, and duties of employees, and (3) sign paychecks for the wage payments of employees, including Plaintiffs.  (See Cmplt. (Dkt. No. 5) ¶ 13; Li Aff. (Dkt. No. 31-3) ¶¶ 3, 19; Sun Aff. (Dkt. No. 31-8) ¶¶ 4, 6)  Accordingly, the Court concludes that Kang served as Plaintiffs' employer during their time at SMJ.

Because Kang also served as Plaintiffs' employer at SMJ, he was responsible for the acts giving rise to liability.  Accordingly, Kang and SMJ are jointly and severally liable.  See Pineda v. Masonry Const., Inc., 831 F. Supp. 2d 666, 685 (S.D.N.Y. 2011) (allegation that an individual defendant "was an owner, partner, or manager," coupled with his default, was sufficient to qualify him as an FLSA employer, and to impose joint and several liability with corporate defendants for wage law violations); see also Ahmed v. Subzi Mandi, Inc., No. 13-CV-3353 (CBA) (RER), 2014 WL 4101224, at *4 (E.D.N.Y. May 27, 2014), report and

recommendation adopted, 2014 WL 4101247 (E.D.N.Y. Aug. 18, 2014) (same); Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 129 (E.D.N.Y. 2011) (same).

<h2 align="center"><u>CONCLUSION</u></h2>

For the reasons stated, this Court adopts Judge Fox's R&R (Dkt. No. 36) as set forth above.  Plaintiff Li is awarded $48,630 in damages, Plaintiff Sun is awarded $1,212.84 in damages, and Plaintiffs are awarded $4,625 in attorney's fees.  Defendants are jointly and severally liable to Plaintiffs.

The Clerk of Court will enter judgment and close this case.

Dated:  New York, New York
        September 26, 2022

                         SO ORDERED.

                         _____
                         Paul G. Gardephe
                         United States District Judge